Mary Ellen PIERCE, Appellant,

v.

Doris Fern HUCKABY, Respondent.

No. 22501.

Kansas City Court of Appeals.

Missouri.

March 4, 1957.

Paul C. Sprinkle, Sprinkle, Knowles & Carter, Kansas City, Ray Shubert, Harrisonville, Jesse I. Moritz, Kansas City, for appellant.

Robert G. Oberlander, Irving Kuraner, Kuraner, Freeman, Kuraner & Oberlander, Kansas City, Robert Spangler, Crouch, Crouch & Spangler, Harrisonville, for respondent.

SPERRY, Commissioner.

Plaintiff, Mary Ellen Pierce, sued defendant, Doris Fern Huckaby, for damages resulting from personal injuries suffered by plaintiff when an automobile, operated by defendant, collided with an automobile being operated by plaintiff. There was a verdict for plaintiff in the sum of $5,500, but a new trial was granted on defendant's motion. The court granted the new trial for the stated reason that plaintiff's Instruction No. 1 was prejudicially erroneous. Plaintiff appeals.

The collision occurred on Highway 71, about one-half mile south of Harrisonville, after dark. Plaintiff was proceeding north. Plaintiff had a slight traffic accident at a point a mile or so south of the scene of the collision and had been instructed by a member of the State Patrol to stop at Langley's Garage, located on the west side of the highway, at the scene of the collision. The highway slopes to the north from a point one-half mile south of the garage. As she approached the garage plaintiff's speed was about 15 miles per hour and, for a distance of 150 feet before reaching a point opposite the driveway, she had her arm out for a lefthand turn. She turned to the left at a speed of 5 miles per hour. Defendant's automobile struck plaintiff's after all four wheels of the latter's automobile were off the pavement.

There was evidence to the effect that defendant operated her automobile along the southbound (west) traffic lane, for a distance of 300 feet; that she struck plaintiff while travelling at a speed of 50 or 55 miles per hour; that traffic was heavy; that she gave no signal prior to the collision; that her automobile left skid marks on the pavement for a distance of 66 feet from the point of impact.

Plaintiff's Instruction Number 1 is as follows:

"The Court instructs the jury that if you find and believe from the evidence that the plaintiff was operating her automobile in a northerly direction on Highway 71 a short distance south of Harrisonville, Missouri, in Cass County, Missouri, and if you further find and believe from the evidence that the defendant was operating her automobile in the same direction at said time and place and if you further find and believe from the evidence that as the plaintiff approached a driveway into Langley's Garage which intersects Highway 71 from the west, if you so find; that she gave a signal for a lefthand turn for a distance of 150 feet or more, slowed up her automobile and had turned her automobile to the west so that the four wheels of the same were off of the pavement, if you so find, *and if you further find and believe from the evidence that the defendant drove her automobile at a high, dangerous and excessive rate of speed, to-wit, 50 miles per hour,* down the west portion of the pavement, if you so find, and into and against the automobile of the plaintiff, if you so find, when plaintiff's automobile was in the position aforesaid, if you so find, and if you further find and believe from the evidence that it was negligence on the part of the defendant to drive her automobile on the west half of the highway at the speed referred to herein and refrain from keeping her automobile as near the

righthand side of the highway as practicable, if you so find, and that as a direct result thereof the collision occurred and the plaintiff was injured, if you so find, and if you further find and believe from the evidence that at all times the plaintiff was in the exercise of the highest degree of care, then you are instructed that the verdict shall be in favor of the plaintiff and against the defendant upon plaintiff's petition." (Emphasis ours).

The language of the instruction which, it is claimed, was prejudicially erroneous, is that which is emphasized.

Almost identical language, in a similar instruction, was condemned by our Supreme Court, in Glowacki v. Holste, Mo., 295 S.W. 2d 135, 138. While there are some minor differences between the instructions, we are unable to hold that such differences are of sufficient importance as to permit of real distinction. It is noted that, in the Glowacki case, as well as here, the jury was required to find that all of the conduct complained of constituted negligence. In the Glowacki case the court held that such a requirement did not relieve the prejudicial error mentioned.

Similar language in an instruction was also condemned in Mueller v. Holecamp, Mo.App., 260 S.W. 118, 120. These are the only cases cited where the court has considered and ruled on such language contained in an instruction; but the error in the last mentioned case was held to be one of which defendant could not complain because defendant had, in his own instruction, submitted the same thing. In the case at bar defendant's Instruction 5 merely submitted her defense of contributory negligence without assuming that defendant's speed was negligent; and, by her Instruction Number 6, defendant submitted her counterclaim, based on plaintiff's alleged negligence. By these instructions defendant did not adopt plaintiff's theory that a speed of 50 or 55 miles per hour is a negligent speed, as a matter of law.

Defendant argues other alleged errors in the instruction, but it is fruitless to discuss alleged errors appearing in an instruction which is not likely to again be given in its present form.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

· The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

BROADDUS, P. J., CAVE, J., and MAUGHMER, Special Judge, concur.